## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

---

**RONALD MARSHALL,**

           **Plaintiff,**

           **v.**

**DISTRICT OF COLUMBIA WATER
AND SEWER AUTHORITY,**

           **Defendant.**

**Civil Action 01-01915  (HHK)**

---

### MEMORANDUM OPINION AND ORDER

Ronald Marshall, a Black employee employed as a civil engineer at the District of Columbia Water and Sewer Authority ("WASA"), brings this suit claiming that WASA discriminated against him on the basis of race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), and the Civil Rights Act of 1871, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 1981 ("Section 1981"). On February 4, 2004, a judgment was entered in favor of WASA on all of Marshall's claims that was accompanied by a Memorandum Opinion setting forth this court's rationale for its decision. Before the court now is plaintiff's motion to alter or amend the judgment [#44], filed pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. Upon consideration of the motion, the opposition thereto, and the summary judgment record, the court concludes that the motion should be denied.

## I. BACKGROUND

Marshall has a bachelor's degree in civil engineering from Howard University, as well as a master's degree in civil engineering and computer science. Prior to beginning work at WASA in 1996, he held several positions in civil engineering, none of which were with a provider of water and sewer services.

Marshall has worked at WASA in the Department of Engineering and Technical Services (the "DETS") since October 28, 1996, where he was hired at the DS-12 level.[1]  From 1997 to 2000, he applied unsuccessfully for five different engineering positions at the DS-13 level, but he was passed over in favor of other candidates.  As relevant to the present motion, he applied unsuccessfully for two DS-13 Hydraulic Engineer positions which were awarded to Hung Truong and Moshin Siddique on January 2, 1998.  Marshall also applied unsuccessfully for a DS-13 Structural Engineer position, which was filled by Hemant Vyas on February 26, 1998.  None of the candidates selected for the positions sought by Marshall was Black.

On February 4, 2005, this court entered summary judgment in favor of WASA on all of Marshall's claims   With respect to three of Marshall's Section 1981 claims, applying a three-year statute of limitations period, the court concluded that the claims were time-barred because they had accrued prior to September 10, 1998.  *Marshall v. District of Columbia Water and Sewer Authority*, No. 01-0561, slip op. at 6-7 (D.D.C. Feb. 4. 2005).[2]

---

[1]  Jobs within WASA are classified on a DS scale (similar to the GS scale used by the federal government) depending upon the requisite level of expertise and experience.  A higher DS correlates to a higher salary.  Def's. Mot. for Summ. J. Ex. I, 41:18-42:21.

[2]  The court further ruled that Marshall failed to exhaust his administrative remedies for his Title VII claims concerning conduct prior to August 5, 1999, and therefore those claims were barred as well.  *Marshall*, No. 01-0561, slip op. at 5.  The court finally concluded that Marshall's

On February 8, 2005, WASA filed a notice of supplemental authority, advising the court

of a recent Supreme Court decision holding that the applicable statute of limitations period for

certain Section 1981 employment claims was the federal "catchall" period of four years.  *Jones v.*

*R.R. Donnelley & Sons Co.*, 541 U.S. 369, 382 (2004) (holding that certain Section 1981

employment claims are governed by the four-year statute of limitations in 28 U.S.C. § 1658 if

such claims were made possible by 1991 Civil Rights Act).  Subsequently, Marshall filed a

motion to alter or amend the court's judgment contending that the court erred in determining that

his Section 1981 claims regarding two promotion decisions in January and February 1998 were

time barred.  Marshall, also, in effect, seeks reconsideration of the court's judgment as to his

other claims as well, and asserts that he is entitled to a trial on all of his claims.[3]

## II. ANALYSIS

### A.      Statute of Limitations

A motion under Rule 59(e) should not be granted unless the district court finds that there

has been an "intervening change of controlling law, the availability of new evidence, or the need

to correct a clear error or prevent manifest injustice."  *Firestone v. Firestone*, 76 F.3d 1205, 1208

(D.C. Cir. 1996) (citations omitted).  Here, as both parties and the court acknowledge, the court

erred in applying a three-year statute of limitations period, as the Supreme Court has held that

remaining claims regarding conduct after August 5, 1999 had to be dismissed because (1) he had
failed to establish that WASA's legitimate explanations for its hiring decisions were pretextual,
as required to establish disparate treatment, *id.* at 17; and (2) he had failed to make a prima facie
case for his disparate impact claim, *id.* at 18.

[3]      Except for Marshall's arguments regarding the erroneous application of a three,
rather than four, year statute of limitations to his Section 1981 claims, the court rejects all of
Marshall's other argument's for altering the court's judgment.

certain Section 1981 employment claims are subject to a four-year limitations period. *See Jones*

*v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 382 (2004). In *Jones*, the Court concluded that the

"catchall" four-year limitations period of 28 U.S.C. § 1658 was applicable to Section 1981

claims concerning employment discrimination "arising under" the Civil Rights Act of 1991. *Id.*

That Act broadened Section 1981 to encompass conduct which took place after the formation of

a contract, including the failure to promote an employee based on racial discrimination. *Dandy v.*

*UPS*, 388 F.3d 263, 269 (7th Cir. 2004) (concluding that "failure to promote claim" was subject

to four-year statute of limitations because it "arose under" the Civil Rights Act of 1991). As

Marshall premises his Section 1981 claims on WASA's failure to promote him, it is clear that the

statute of limitations period that should have been applied to those claims was four years, rather

than three. Application of the correct statute of limitations to the two claims that accrued within

four years of the filing of Marshall's complaint — that Marshal was denied two promotions in

January and February 1998 in violation of Section 1981 — requires the court to consider

WASA's motion for summary judgment as to these claims on their merits as they are not time

barred.[4]

---

[4]       The law to be applied in considering WASA's motion for summary judgment is
familiar. Under Rule 56, summary judgment shall be granted if the "pleadings, depositions,
answers to interrogatories, admissions on file and affidavits" show that there is no genuine issue
of material fact in dispute and that "the moving party is entitled to a judgment as a matter of
law." Fed. R. Civ. P. 56(c). Material facts are those "that might affect the outcome of the suit
under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In
considering a motion for summary judgment, the "evidence of the non-movant is to be believed,
and all justifiable inferences are to be drawn in his favor." *Id.* at 255. The non-moving party
bears the burden of setting forth "specific facts showing that there is a genuine issue for trial."
Fed. R. Civ. P. 56(e); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The non-moving
party is "required to provide evidence that would permit a reasonable jury to find" in its favor.
*Laningham v. Navy*, 813 F.2d 1236, 1242 (D.C. Cir. 1987). If the evidence is "merely colorable"
or "not significantly probative," summary judgment may be granted. *Anderson*, 477 U.S. at 249-

**B.      The Section 1981 Claims**

Section 1981 prohibits racial discrimination in "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship."  42 U.S.C. § 1981(b); *see Carney v. Am. Univ.*, 151 F.3d 1090, 1092-93 (D.C. Cir. 1998).  Although Section 1981 and Title VII share similar standards and burdens of proof, only intentional discrimination is prohibited by Section 1981.  *See Gen. Bldg. Contractors Ass'n v. Pennsylvania*, 458 U.S. 375, 391 (1982).

The *McDonnell Douglas* framework applicable to Title VII claims governs Section 1981 claims as well.  *Carney*, 151 F. 3d at 1093.  Under that framework, the plaintiff bears the burden of establishing a prima facie case of racial discrimination.  When a plaintiff's Section 1981 claim arises from the failure to receive a promotion, a plaintiff must show that (1) she is a racial minority; (2) she applied for an available position for which she was qualified; and (3) someone outside of her protected class filled the position.  If the plaintiff establishes a prima facie case, the burden shifts to the employer to rebut the inference of discrimination by producing a legitimate, non-discriminatory reason for the challenged employment decision.  The burden then returns to the plaintiff to show that the proffered reason was pretextual.  *Id.*[5]

---

50 (internal citations omitted).

[5]   Although the burden of persuasion always remains with the plaintiff, to survive summary judgment the plaintiff need only raise a genuine issue of material fact with respect to each element of the *McDonnell Douglas* framework.  *Carney*, 151 F.3d at 1093.  The nonmovant, while entitled to all justifiable factual inferences, retains the burden of pointing to "affirmative evidence" establishing a genuine factual dispute.  *Id.*

*1. Marshall's prima facie case*

As relevant here, Marshall alleges that WASA discriminated against him in failing to select him for two DS-13 positions: Hydraulic Engineer on January 2, 1998, and Structural Engineer on February 26, 1998.  Pl.'s Mot. to Alt. at 2.  For the claims based on these incidents, Marshall has successfully made out a prima facie case of race discrimination.  It is undisputed that Marshall is Black and that he both applied for, and was qualified for, these positions, but he was not selected to fill them.  Two individuals — Hung Truong and Dr. Moshin Siddique — were selected to fill the positions of Hydraulic Engineer, and Hemant Vyas was selected as the Structural Engineer.  None of these individuals is Black.

*2. WASA's Explanation for Not Selecting Marshall*

WASA asserts that its decisions not to select Marshall were not based on race but, rather, were based on its assessment that the other candidates were more qualified than Marshall.  The procedure WASA followed for hiring employees during the relevant time frame was as follows: When a vacancy needed to be filled, a supervisor would submit a job position request to the director of DETS.  The director would then forward the request to the human resources department for classification and recruitment. Prior to 1999, applicants were screened by the District of Columbia Office of Personnel, and the director of DETS then selected from among this pool of candidates, generally without conducting interviews.

With respect to the position of Hyrdraulic Engineer, the vacancy announcement called for candidates with "extensive hands-on experience in hydraulic and planning and design of storm, sanitary and combined sewage systems."  Def.'s Mot. for Summ. J. Ex. D-14.  The candidates selected for the positions, Truong and Siddique, had previously been employed by the District of

Columbia Department of Consumer and Regulatory Repairs, Environmental Regulatory Administration.  Truong was already classified DS-13 and had an extensive background in hydraulic modeling.   Siddique was an expert on the clean-up of the Anacostia River and was selected to develop a long term control plan for a sewer overflow project.  WASA contends that Truong and Siddique were uniquely qualified for these positions.

With respect to the position of Structural Engineer, Marshall was passed over for promotion in favor of Vyas, an incumbent employee with a master's degree in structural engineering who had previously worked as a structural engineer for the selecting official.  In addition to Marshall, two other qualified candidates were rejected for the position.  WASA contends that Vyas was the most qualified candidate.

Having reviewed WASA's explanation, and the record evidence advanced to support it, the court finds that WASA has met its burden of producing legitimate non-discriminatory reasons for not selecting Marshall — namely, that the promotions in question were based on merit.

*C.  Was WASA's Explanation Pretextual?*

The court next considers whether there are any material facts in dispute on the basis of which a reasonable jury could find that WASA's explanation is a pretext for discrimination. According to Marshall, he is more qualified than Truong, Siddique and Vyas, and thus he asserts that WASA's explanations for choosing them must be pretextual.   In addition, Marshall argues that WASA violated its Collective Bargaining Agreement ("CBA") with the American Federation of Government Employees (the "Union"), when it did not promote him, and suggests that this creates an inference of discrimination.  Marshall's contentions are without merit.

7

Marshall contends that WASA's hiring of Truong and Siddique, who were external candidates, demands an inference of pretext because WASA purportedly contravened the requirements of the CBA.[6]  Assuming *arguendo* that WASA contravened the CBA, such evidence does not support Marshall's allegations that WASA's explanations are a pretext for racial discrimination.  As the court stated in its Memorandum Opinion in this case, "[a] merit based hiring structure, such as the one employed by WASA, is neither evidence of pretext nor racially discriminatory, irrespective of whether it violates a provision of a Collective Bargaining agreement that is inconsistent with that structure."  *Marshall v. District of Columbia Water and Sewer Authority*, No. 01-0561, slip op. at 17 (D.D.C. Feb. 4. 2005)

Additionally, Marshall contends that he can prove he was more qualified than Vyas because the selecting official failed to give Marshall appropriate credit for his qualifications on his resume, including professional affiliations and work experience.  He notes that he was not given credit for professional societies to which his resume indicated that he belonged.   The evidence shows however, however, that such credit would only have raised his score ten points, to 62, while Vyas received an 82.   Thus, Marshall has failed to sufficiently demonstrate that any

---

[6]  Article 18 of the CBA between WASA and the Union states that "Water and Sewer Authority employee applicants shall be given preference over non-Water and Sewer Authority applicants."  Def's Mot. for Summ. J. Ex. D-47.  Marshall asserts that the CBA required WASA to hire any internal candidate that meets the minimum qualifications of the job, regardless of whether an external candidate is more qualified.  WASA is of the view that the CBA should be interpreted in accordance with WASA hiring guidelines, which require WASA to hire an internal candidate only if the internal and external candidates are *equally* qualified.  On May 24, 2001, the parties engaged in arbitration to resolve their dispute over the proper interpretation of Article 18.  The arbitrator agreed with Marshall's interpretation and concluded that the clause required WASA to favor any minimally qualified internal candidate over any external candidate, regardless of the candidates' comparative qualifications.

credit he was denied in his evaluation for the position of structural engineer resulted in his loss of the position.  More importantly, Marshall has failed to provide any evidence that such alleged action was motivated by race.

In sum, Marshall has failed to offer evidence sufficient for a reasonable jury to conclude that WASA's legitimate explanation for its January and February 1998 promotion decisions — that it believed Marshall was not the most qualified candidate for the positions — was a pretext for race discrimination.  Accordingly, WASA is entitled to judgment as a matter of law with respect to these claims.[7]

### III.  CONCLUSION

For the aforementioned reasons, it is this 21st day of September, 2006, hereby

**ORDERED** that Marshall's motion to alter or amend the judgment [#44] is **DENIED**.


Henry H. Kennedy, Jr.
United States District Judge

---

[7]  Because intent is required to prove a claim of discrimination under Section 1981, the theory of disparate impact (which does not necessarily prove purposeful discrimination) is not available to Marshall on his Section 1981 claim.  *Gen. Bldg. Contractors Ass'n v. Pa.*, 458 U.S. 375, 383 n.8 & 391 (1982) (concluding that racial discrimination under Section 1981 cannot be made out by "proof of disparate impact alone"); *Frazier v. Consol. Rail Corp.*, 851 F.2d 1447, 1449 n.3 (D.C. Cir. 1988) ("Section 1981 allows recovery only for purposeful discriminatory treatment.").